Famous Clothing Co., Inc. *vs.* Lawton's Newport Shop, Inc. *et al.*

JANUARY 26, 1951.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This action in assumpsit was brought by the plaintiff to recover upon a promissory note made jointly by a corporation and several individual defendants. In the superior court plaintiff's motion for entry of a summary judgment in its favor against all the defendants was granted and the case is here on defendants' single exception to that decision.

The undisputed facts, as they appear from the jacket entries, papers and briefs, involve mostly the travel of the case in the superior court. The plaintiff is a foreign corporation which is duly registered under general laws 1938, chapter 116, article II, §65, to do business in this state. The defendants are Lawton's Newport Shop, Inc., a Rhode Island corporation having its principal place of business in the city and county of Newport, and certain individuals, namely, James P. Lawton, Margaret C. Lawton, George F. Lawton, Jr., and Beatrice H. Lawton, all of said city, county and state, who apparently are the stockholders and officers of the corporation.

Upon the petition of one of the individual defendants a decree was entered in the superior court on November 14, 1949 appointing Max Levin temporary receiver of Lawton's Newport Shop, Inc., hereinafter called the defendant corporation. That decree also contained a provision enjoining all persons, whether creditors or claiming to be creditors, from instituting or further prosecuting any action at law against the defendant corporation.

Thereafter plaintiff filed in the receivership proceeding a petition requesting that such provision for an injunction be modified in order to permit it to institute an action at law based on a certain promissory note dated May 16, 1949 and executed jointly by the defendant corporation and the other individual defendants to the plaintiff as payee. Accordingly a decree was entered and pursuant thereto plain-

tiff began an action in assumpsit on said note by the issuance of a writ of attachment against the defendant corporation and the individual comakers. The writ was made returnable on December 22, 1949 to the superior court in Providence.

Before such return date, however, a second decree had been entered on December 6, 1949 in the receivership proceeding whereby the report of the temporary receiver was received and approved, the temporary receiver was discharged, and Max Levin was appointed permanent receiver of the defendant corporation. That decree expressly barred claims of certain described creditors unless sued on before March 15, 1950; and, among other provisions, included the following: "* * * that all persons, except within the time above limited, are enjoined and restrained, until further order of the Court, from instituting any separate action or suit against said receiver or said corporation, its estate and effects."

Thereafter the writ issued by the plaintiff was returned to the superior court for the county of Newport and with it was filed a motion for the entry of a summary judgment. On January 3, 1950, after a hearing in the superior court for the county of *Newport,* the plaintiff's motion for summary judgment was denied and the defendants' motion to dismiss was granted *without prejudice,* apparently on the ground that the writ had been returned to the superior court in the county of Newport rather than in the county of Providence as directed therein.

. Nothing further was done by plaintiff until March 16, 1950 when it began the instant action on said note by a writ of attachment against the defendants without obtaining any further order or decree of the superior court. This writ also contained a motion for summary judgment in the sum of $2,511.25 and was returned properly as directed therein to the superior court in the county of Newport. Thereupon the individual defendants whose property had been attached filed a plea in abatement on the single ground

that the plaintiff, a foreign corporation, had not complied with the statutory requirements to permit it to bring such an action in this jurisdiction. But later in the superior court counsel for defendants conceded that plaintiff had complied with the statute and agreed that the plea in abatement should be denied. A hearing was then held on plaintiff's motion for a summary judgment, which was opposed by an affidavit of defense filed by the receiver for the defendant corporation. This alleged in substance and effect that plaintiff was enjoined from bringing the instant action by virtue of certain provisions of the second decree entered December 6, 1949, which had not been suspended in whole or in part by any order of court; and that the motion for a summary judgment was too general and did not set forth the basis relied on for the entry thereof. No affidavit of defense was filed by or in behalf of the individual defendants.

The receiver, apparently acting for himself and also as attorney for the other defendants, now contends that the controlling question of law presented is whether plaintiff legally had the right to bring the instant action against the defendant corporation in receivership notwithstanding the injunctive provisions of the second decree which was in full force and effect at the time this action was commenced. In our judgment, however, although both parties have argued this question extensively, it is not clear that the trial justice based his decision on a finding that plaintiff had the right to proceed without first obtaining an order modifying such decree.

The record here is not sufficient to show what basis and reasoning were adopted by the trial justice in making his decision. For all that appears he may have considered that the affidavit of defense was wholly insufficient in that it contained no averment to show the existence of any issue of fact in defense against the motion and allegations of the declaration, which issue the defendants were entitled to have determined in a trial on the merits, and no allega-

tion to indicate that such affidavit was being interposed in good faith to protect their right to a trial on the merits and not for merely dilatory purposes. See *Fisher* v. *Sun Underwriters Ins. Co. of N. Y.,* 55 R. I. 175; *Berick* v. *Curran,* 55 R. I. 193; *Minuto* v. *Metropolitan Life Ins. Co.,* 55 R. I. 201; *Mackenzie* v. *Desautels,* 62 R. I. 135.

In such circumstances, therefore, the trial justice may well have concluded that he had nothing properly before him to oppose the motion for entry of a summary judgment, since defendants' plea in abatement had been overruled and abandoned and the only affidavit of defense did not meet the requirements contemplated by the statute. In any event we should not assume here, as defendants in effect argue, that the decision was based solely upon a ground which might raise an important question as to its legality when another reasonable basis appears to have been equally available and would legally support such decision. Therefore on the record presented we are of the opinion that it was not error for the trial justice to grant plaintiff's motion for entry of a summary judgment.

The defendants' exception is overruled, and the case is remitted to the superior court for entry of judgment as ordered.

*Robinson, Robinson & Adelson, Harold H. Winsten,* for plaintiff.

*Dannin & Dannin, Max Levin,* for defendants.